UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DON CROWDEN                                              CIVIL ACTION

VERSUS                                                  NO. 15-3665

ENTERGY CORPORATION ET AL.                              SECTION A(3)


**ORDER AND REASONS**

Before the Court is Plaintiff's **Motion for Leave of Court to Dismiss AEGIS Without Prejudice (Rec. Doc. 9)** and Plaintiff's **Motion to Remand to State Court (Rec. Doc. 10)**. Defendants oppose the motions. The motions, set for submission on October 7, 2015, are before the Court on the briefs without oral argument. For the following reasons, the motions are **GRANTED**, AEGIS is therefore **DISMISSED WITHOUT PREJUDICE** from this suit, and the suit is **REMANDED** to state court.

I.      **Background**

The instant case was originally filed by Plaintiff in the Civil District Court for the Parish of Orleans, Louisiana, on May 12, 2015. Plaintiff alleges that on January 5, 2015, when he went to a canal to fish, he approached electrical equipment allegedly owned by one or more of the Entergy entities named as Defendants. Plaintiff alleges that he made contact with the equipment and suffered an extreme electrical shock. His body caught on fire, and he sustained severe injuries.

On August 5, 2015, Plaintiff added Associated Electric & Gas Insurance Services, Ltd. ("AEGIS") as a defendant. According to Plaintiff, it was at the request of counsel for Entergy that Plaintiff sued AEGIS using the Louisiana Direct Action Statute. On August 20, 2015, AEGIS removed the case on the basis of federal question jurisdiction. Jurisdiction exists pursuant to the

1

Convention on Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"), because the subject matter of this lawsuit relates to an arbitration agreement that falls under the Convention – specifically, an arbitration agreement in the policy contract between the Entergy entities and their insurer, AEGIS.

## II.      The Motion to Dismiss Party

In the instant motion, Plaintiff seeks to dismiss AEGIS. Plaintiffs seeks "to avoid the imposition of an arbitration clause in an insurance contract between Entergy and AEGIS, of which Plaintiffs were not a party." (Rec. Doc. 9–1). Defendants have asserted that Plaintiff will be subjected to the clause since Plaintiff has utilized the Direct Action Statute and stepped into Entergy's shoes.

Defendants counter that, by filing this motion to dismiss AEGIS, Plaintiff is forum-shopping – Defendants suggest that if the Court dismisses AEGIS, the Court loses its federal question jurisdiction and the case must return to state court. Defendants assert that AEGIS will be prejudiced by a dismissal because it will be deprived of its defense of mandatory arbitration. Defendants assert that AEGIS would further be prejudiced because it would be deprived of the opportunity to defend itself in an action where it would remain potentially liable to pay a portion of the judgment.

## III.      Law and Analysis

Rule 41(a)(2) allows an action to be dismissed at the plaintiff's request on terms that the court considers proper. Fed.R.Civ.P. 41. The Fifth Circuit has held that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172,

174 (5th Cir.1990)). The Fifth Circuit has explained that the primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.* (citing *Manshack*, 915 F.2d at 174). The rule is "not a bar to dismissal that plaintiff may obtain some tactical advantage thereby." *Manshack*, 915 F.2d at 174 (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971)).

The Fifth Circuit has instructed district courts to "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Elbaor*, 279 F.3d at 317. If it will not, the court "should generally, absent some evidence of abuse by the movant, grant the motion." *Id.* The Fifth Circuit has held that a court can refuse voluntary dismissal when a plaintiff does not seek dismissal "until a late stage and the defendants have exerted significant time and effort." *John M. Crawley, L.L.C. v. Trans–Net, Inc.*, 394 Fed. App'x 76, 79 (5th Cir. 2010) (quoting *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir.1990)).

The Court finds that AEGIS will not suffer any plain legal prejudice here. AEGIS has not yet exerted significant time and effort in defending this suit. As Plaintiff points out, there has been no discovery in this case related to AEGIS. AEGIS argues that it will suffer plain legal prejudice because it will be deprived of its defense of mandatory arbitration. After reviewing the case law AEGIS cites for this proposition, the Court is not persuaded by this argument.

The Court further finds that there has been no "abuse by the movant" that would prevent this Court from granting this motion for dismissal. Plaintiffs have asserted that the motive for dismissing AEGIS is to avoid the imposition of an arbitration clause in an agreement to which the Plaintiffs were not a party. The Court finds that seeking dismissal in order to obtain a jury trial is not "abuse by the movant" but instead a valid basis for seeking dismissal. *See* 9 C. Wright, A. Miller, et al., Federal Practice and Procedure § 2364 (3d ed. 2015) (citing *In re Empire Coal Sales*

*Corp.*, 45 F. Supp. 974 (S.D.N.Y. 1942), *aff'd*, *Kleid v. Ruthbell Coal Co.*, 131 F.2d 372 (2nd Cir. 1942)).

Since the Court is permitting Plaintiff to dismiss AEGIS, the Court loses its subject matter jurisdiction, as it was based on AEGIS' defense to Plaintiff's claims.

Accordingly;

**IT IS ORDERED** that the **Motion for Leave of Court to Dismiss AEGIS Without Prejudice (Rec. Doc. 9)** is **GRANTED** and AEGIS is hereby **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the **Motion to Remand to State Court (Rec. Doc. 10)** is **GRANTED**.

November 9, 2015

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE